**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No. 13-cr-00142-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. SEVERO MORENO, and
2. ERIK ESPINOZA-MORENO,

    Defendants.

---

**PROTECTIVE ORDER REGARDING DEFENDANTS'
FINANCIAL RECORDS AND CRIMINAL HISTORY**

---

THE COURT has received, read, and reviewed the Government's Unopposed Motion for Protective Order Regarding Defendants' Financial Records and Criminal History [#574] filed May 12, 2015, concerning the use, custody, and circulation of Defendant Severo Moreno's and Defendant Erik Espinoza-Moreno's financial records and criminal history.

Fed. R. Crim. P. 16(d)(1) gives the Court broad authorization to issue an appropriate Protective Order governing discovery: "At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." An individual's criminal history and his financial records are often matters kept private. Financial records and the personally identifying information within them are susceptible to misuse and abuse. The financial records in this case pertain not only to the defendants, but also to their respective spouses and children.

The Court is familiar with the file in this case and has reviewed the motion. The Court finds and concludes that the interest in protecting the defendants' privacy interests in their own criminal history and financial records and the financial records of their family members have some merit, that the burden on both parties in controlling the dissemination of such material disclosed to the defense directed below is not unreasonably burdensome, and that the procedures outlined herein will adequately safeguard the concerned parties' privacy interests.

Being now sufficiently advised in the premises, the Court finds and concludes that it is in the best interests of justice to grant the Government's motion.

**THEREFORE, IT IS ORDERED as follows:**

The Government's Motion for Protective Order Regarding Defendants' Financial Records and Criminal History [#574] is granted.

All financial records and reports of criminal history pertaining to another defendant in this case shall be used only for official purposes related to judicial proceedings in this case, to include any appeal, and for no other purpose.

All documents provided by the Government containing personal identifying information shall be handled in accordance with Rule 49.1. If redaction is not possible in the view of a party, the parties may request the Court to determine this issue.

Where a defendant has been detained pending trial pursuant to Title 18 U.S.C. §§ 3142 or 3145, the defendant shall review all discovery contemplated by this order with his attorneys or designated agents of the defense team. The defendant will not be permitted to possess the discovery contemplated by this order when his attorneys or agents of his defense team are not present.

Where a defendant is on bond, the material may be reviewed under the supervision of the defense attorneys who have entered their appearance in this case, their associates, and the confidential employees or assistants working with such defense attorneys. The material will not be entrusted to the care and custody of the defendant without such supervision. Defendants on bond are not to e-mail, print, or duplicate the material.

With the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the Government come to a specific understanding to the contrary, the financial records and records of criminal history disclosed to the defense shall not be copied, reproduced, published, or publicly circulated by the defense without further order of Court or until such material is used in judicial proceedings at time of trial or in official hearings or proceedings related to this case.

In the event the defense and the Government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may exempt such material by mutual agreement. Conversely, if the parties cannot agree on redaction as an appropriate remedy for some of the material, they will seek a ruling by the Court. Similarly, in the event the defense and Government disagree or are unclear about the meaning or application of this Order with respect to some document, digital file, or other material in this case, the parties may bring the issue to the attention of the Court.

At the conclusion of the case, the described financial records and records of criminal history may be returned to the Government or disposed of in a manner that

prevents unauthorized disclosure.

Dated May 13, 2015, at Denver, Colorado.

**BY THE COURT:**

/s/ Bob Blackburn
Robert E. Blackburn
United States District Judge